IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER ▮▮▮▮-8971 | Case No. 23-MJ-299-B |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Michael Maxey, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number ▮▮▮▮-8971 (the "Target Cell Phone"), whose service provider is Verizon Wireless ("Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey, 07921. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.      I am a Postal Inspector with the United States Postal Inspection Service ("USPIS"), and have been since August 2017. During my time with USPIS, I have worked on many investigations involving theft of mail, various postal crimes, and fraud offenses, among

other crimes. Before becoming a Postal Inspector, I attended a three-month Postal Inspector Basic Training course in Potomac, Maryland, during which I received training on criminal investigative techniques and practices. Additionally, before joining USPIS, I worked for more than seven years as a police officer with the Mobile, Alabama Police Department ("MPD"). During that time, I spent more than three years as a detective in MPD's Financial Crimes Unit. I was also a federally deputized task force officer for the U.S. Secret Service, where I investigated both federal and state fraud-related crimes. My duties as a Postal Inspector include investigating suspected mail theft (18 U.S.C. § 1708); mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); bank fraud (18 U.S.C. § 1344); conspiracy offenses (18 U.S.C. §§ 371 and 1349); identity theft offenses (18 U.S.C. § 1028); and aggravated identity theft (18 U.S.C. § 1028A), among other crimes.

4.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. All dates, locations, and amounts referenced in my affidavit are approximations.

5.  Based on the facts set forth in this affidavit, there is probable cause to believe that **Errol Michael Gilyot ("Gilyot")** has violated 18 U.S.C. §§ 1349 (fraud conspiracy), 1344 (bank fraud), and 513(a) (possession of counterfeited or forged securities). **Gilyot** and several codefendants were charged with these crimes on April 26, 2023, pursuant to a sealed grand jury indictment returned in the Southern District of Alabama. *See* Case No. 23-cr-00082-TFM, Doc. 1. U.S. Magistrate Judge Sonja F. Bivins ("Judge Bivins") signed a federal search warrant authorizing the search and seizure of the Target Cell Phone on November 20, 2023. *See* 23-mj-

2

299-B. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in locating and seizing the Target Cell Phone, which is "property designed for use, intended for use, or used in committing a crime" to be seized and searched as ordered by the Court. Fed. R. Crim. P. 41(c)(4).

6.  The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE







## AUTHORIZATION REQUEST

12.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not

authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14. I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

_____
Michael Maxey
Postal Inspector
U.S. Postal Inspection Service

6

THE ABOVE AGENT HAD ATTESTED TO THIS AFFIDAVIT PURSUANT TO FED. R. CRIM. P. 4.1(b)(2)(A) THIS __21st__ DAY OF NOVEMBER 2023.

_____
SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

Certified to be a true and correct copy of the original.
Christopher Ekman
U.S. District Court Southern District of Alabama
By: Tina Wood
Deputy Clerk
Date: November 21, 2023

7

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number ███-8971, whose wireless service provider is Verizon, a company headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon.

## ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in locating and seizing the Target Cell Phone belonging to **Errol Michael Gilyot**, who was charged with violating 18 U.S.C. §§ 1349 (fraud conspiracy), 1344 (bank fraud), and 513(a) (possession of counterfeited or forged securities) on April 26, 2023. The Target Cell Phone is the subject of search and seizure warrants that were issued in the Southern District of Alabama on November 20, 2023, and is "property designed for use, intended for use, or used in committing a crime" to be seized and searched as ordered by the Court. Fed. R. Crim. P. 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the provider in order to locate the things particularly described in this warrant.